**HUMPHREY v. LOCAL 138, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN & HELPERS OF AMERICA, A.F.L.**

Civ. No. 51-191.

United States District Court
S D. New York.
Aug. 17 1949,

474

Sidney D. Goldberg, of Washington, D. C., for the petitioner, for the motion.

Samuel J. Cohen, of New York City, for the respondent, opposed.

HOLTZOFF, District Judge (sitting by designation).

This is an application by the National Labor Relations Board for a preliminary injunction restraining a labor union known as Local 138, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, American Federation of Labor, from maintaining a strike at the plant of a concern known as Wilbert Products Company, Inc., located in the County of the Bronx in this District. This application is made under Section 10 Subsection (l) of the Labor Management Relations Act, 1947, sometimes known as the Taft-Hartley Act, 29 U.S.C.A. § 141 et seq. This subsection provides that if it is charged that any person has engaged in an unfair labor practice within the meaning of the Act and if, after investigation the officer or regional attorney of the National Labor Relations Board to whom the matter may be referred has reasonable cause to believe that the charge is well founded, he may petition the United States District Court for the proper district for appropriate injunctive relief pending the final adjudication of the Board with respect to the matter. In other words, the Board is permitted by the Act to apply for a preliminary injunction in aid of the Board's administrative process. If granted, the injunction is to last until final adjudication by the Board.

Section 8, subsections (a) and (b) of the Act, 29 U.S.C.A. § 158(a, b), enumerate certain unfair labor practices on the part of employers and on the part of labor organizations.

Paragraph (4), clause (C) of subsection (b) provides that one of such unfair labor practices on the part of labor organizations is "forcing or requiring any employer to recognize or bargain with a particular labor organization as the representative of his employees if another labor organization has been certified as the representative of such employees * * *."

In this case the National Labor Relations Board has certified a union known as Federal Union 21863, American Federation of Labor, as the bargaining agent for the employees of Wilbert Products Company, Inc. The certification purports to exclude certain employees, principally shipping and maintenance workers. Local 138, the defendant in this proceeding, which is also a branch of the American Federation of Labor, has called a strike and posted pickets at the plant of Wilbert Products. It seeks to justify its action on the basis that there are a few shipping and maintenance employees who are not covered by the certification. Even on the defendant's theory these employees amount to hardly more than a half a dozen in number. The testimony indicates, however, and the Court finds that these employees devote only a part of their time to duties within the excluded list and that, consequently, they are in fact covered by the certification. To be sure, there has been a conflict of testimony on this issue. The Court accepts the testimony of the manager of the plant and of the shop steward, which indicates that these employees devote only a part of their time to the excluded activities.

The situation presented in this case is highly deplorable. It is a contest between two labor unions. The strike is caused not because the employer ill-treats his employees or is guilty of any irregularity, but was apparently called in an effort to

secure domination. The employer is an innocent bystander. Most of the employees are innocent bystanders. If there is any legitimate claim on the part of Local 138 that it is entitled to represent any group of employees, Local 138 should proceed in an orderly fashion and apply to the National Labor Relations Board, instead of resorting to self-help. This is one of the purposes for which the National Labor Relations Act was passed. The Court feels that the internecine strife aroused by the activity of Local 138 in this instance is contrary to the best interests of the employees and of union labor generally, as well as contrary to the best interests of the public, not to speak of the fact that it is unfairly injuring the employer who is purely a helpless and innocent victim.

The Court feels that the National Labor Relations Board has made out a case for a preliminary injunction. A preliminary injunction is granted.

Settle order on notice.